**UNITED STATES of America,**
**Appellee,**

v.

**Michael C. O'DONNELL, Defendant–**
**Appellant.**

**No. 03–1361.**

United States Court of Appeals,
Second Circuit.

Oct. 6, 2004.

Robert L. Moore, West Hempstead, NY, for Appellant.

Stanley J. Okula, Jr., Assistant United States Attorney (Cathy Seibel, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: MINER, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and it hereby is **AFFIRMED.**

Defendant Michael O'Donnell appeals the judgment of conviction entered on October 23, 2003 in the United States District Court for the Southern District of New York. Following a five-day jury trial, defendant was convicted of five counts of tax evasion, one count of failure to file a personal income tax return, and one count of attempting to interfere with the administration of the Internal Revenue Code, in violation of 26 U.S.C. §§ 7201, 7203, and 7212(a). Defendant was sentenced principally to thirty-seven months of incarceration and a $25,000 fine. Prior to sentencing, defendant moved in the District Court for a new trial pursuant to Federal Rule of Criminal Procedure 33, alleging ineffective assistance of counsel. That motion was denied by the District Court.

On appeal, defendant claims he received ineffective assistance of counsel because his attorney, in addition to general ineptitude and a lack of preparation, (1) failed to object to certain evidence, (2) improperly objected to other evidence, (3) failed to call a corroborating witness, (4) failed to request a supplementary jury instruction, (5) failed to object to the government's summation, and (6) gave an ineffective summation. Defendant also asserts that the government committed reversible error when the prosecutor pointed out during summation that defendant had not submitted any

evidence beyond defendant's own testimony to support defendant's good faith defense for six years of tax evasion and failure to file. Finally, defendant contends that the District Court's two-level sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1 was improper.

■ The record before us does not support defendant's contention that his counsel was constitutionally ineffective. Defendant has only presented a generalized grievance that his attorney did not have adequate time to prepare. Defendant refused court-appointed counsel and then was given over nine months to retain private counsel. Defendant's tardiness in doing so does not now entitle him to any extraordinary relief. *See United States v. Leslie,* 103 F.3d 1093, 1099 (2d Cir.1997) ("It is somewhat disingenuous for [a defendant] to claim [on appeal] that his attorney did not have enough time to prepare, and was therefore ineffective, when [the defendant] himself created the time pressure."); *cf. United States v. Wells,* 519 U.S. 482, 488, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997) (recognizing that "under the invited error doctrine[,] . . . a party may not complain on appeal of errors that he himself invited or provoked") (internal citations and quotation marks omitted).

■ In any case, the specific errors defendant alleges, even if substantiated, could not have had a material effect on the jury's verdict. *See Strickland v. Washington,* 466 U.S. 668, 687–90, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to succeed on a claim of ineffective assistance of counsel, a defendant must show (i) that his counsel's performance fell below an "objective standard of reasonableness," and (ii) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). We conclude that defendant's claim of ineffective assistance of counsel is without merit.

■ With regard to defendant's complaint of prosecutorial misconduct, we see no basis for reversal. Nor do we find merit in defendant's challenge to his sentence.

\* \* \* \* \* \*

We have considered all of defendant's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.). Should any party believe there is a special need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*